Gur Assoc. LLC v Kassim
2026 NY Slip Op 03068
May 14, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Gur Associates LLC, Plaintiff-Respondent,
v
Abrahim Kassim, Defendant-Appellant.

Decided and Entered: May 14, 2026
Index No. 654168/23|Appeal No. 6621|Case No. 2025-06773|
Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

Law Office of Marc Scolnick, P.C., Kew Gardens (Marc Scolnick of counsel), for appellant.
Mark S. Friedlander, New York, for respondent.

[*1]
Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered January 23, 2025, awarding judgment in favor of plaintiff and against defendant in the total amount of $552,023.94, and bringing up for review an order, same court and Justice, entered on or about July 16, 2024, inter alia, granting in part, plaintiff's motion for summary judgment on its claim for amounts due under the lease guaranty and denying defendant's cross-motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiff landlord established its entitlement to summary judgment on its claims for amounts due under the parties' commercial lease guaranty by establishing "the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). Defendant guarantor's reliance on the Civil Court's determination in its February 2, 2024 order after an inquest that the lease "had become void" under Real Property Law § 231 as a result of the subtenant's illegal use did not provide a defense to the enforcement of the guaranty, nor did it raise a question of fact requiring denial of plaintiff's motion for summary judgment and entry of judgment in plaintiff's favor.
The court properly rejected defendant's contention that his guaranty obligations had been extinguished because the lease was void. Although an instrument or agreement that is void ab initio is "entirely without effect from inception" (Faison v Lewis, 25 NY3d 220, 224 [2015]), in interpreting Real Property Law § 231, other courts have found that historically "void" in the context of an illegal use proceeding has been interpreted to mean "voidable" (see 220 W. 42 Assoc. v Cohen, 60 Misc 2d 983, 985-986 [App Term, 1st Dept 1969]; see also Hudsonview Co. v Jenkins, 169 Misc 2d 389, 391 [Civ Ct, NY County 1996]). In circumstances such as this, we agree that where the use of the premises is found to be illegal, and "the tenancy is voided by the tenant's illegal activity, or acquiescence in it, the lease continues to determine the procedural rights of the parties, in the same way that the terms of an expired lease project into a holdover tenancy" (Hudsonview Co., 169 Misc 2d at 391).
Moreover, the absolute and unconditional nature of the guaranty here precludes defendant's challenge to the lease's validity (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., 25 NY3d at 494). Under paragraph C(ix) of the guaranty, the parties agreed that the guaranty "shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever" and defendant irrevocably waived "any defense, set-off, counterclaim or cross-claim of any nature."
[*2]
There is no basis to disturb the order based on judicial estoppel (see Herman v 36 Gramercy Park Realty Assoc., LLC, 165 AD3d 405, 406 [1st Dept 2018], lv denied 33 NY3d 1045 [2019]). Plaintiff's position in this case that the guarantor must fulfil his obligation under the guaranty, and its position in the Civil Court holdover proceeding, which was commenced under Real Property Actions and Proceedings Law § 711(5) at the request of the New York County District Attorney's Office to, among other things, remove the tenant for illegal use of the premises, are not inconsistent. Indeed, the commencement of a holdover proceeding at the behest of the DA for illegal activity at the premises does not, under these unique circumstances, mandate dismissal of a pending nonpayment proceeding (see Bel Air Leasing L.P. v Kuperblum, 15 Misc 3d 986, 992 [Civ Ct, Kings County 2007]). Moreover, because a finding of illegal use under Real Property Law § 231 renders the lease voidable rather than void from its inception, plaintiff's continued reliance on the existence of the lease as the primary obligation is not an inconsistent position for the purposes of judicial estoppel.
For similar reasons, plaintiff was not collaterally estopped from enforcing the guaranty (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). Here, there is no dispute that defendant and the nonparty tenant are in privity and the issue of illegal use was litigated and dispositively decided in Civil Court against the tenant. For the reasons discussed above, however, the finding of illegal use rendering the lease void did not extinguish the existing payment obligations under the lease, and therefore the guarantor's obligations under the guaranty remained enforceable (see Hudsonview Co., 169 Misc 2d at 391 n 2; Bel Air Leasing L.P., 15 Misc 3d at 992).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2026